IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00809-TPO

FAUSTINO NAHUACATL-LUNA,

      Petitioner,

v.

JUAN BALTAZAR, Warden of
the Denver Contract Detention Facility;
ROBERT HAGAN, Field Office Director, Denver Field Office,
U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of
the U.S. Department of Homeland Security; and
TODD BLANCHE, Acting Attorney General of
the United States,

in their official capacities,

      Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties have consented to this Court's jurisdiction. ECF 7. Chief Judge Daniel D. Domenico referred the matter to this Court "for all purposes pursuant to 28 U.S.C. §636(c)." ECF 10. This Court issued an Order to Show Cause [ECF 5] to which Respondents responded [ECF 8]. With the filing of Petitioner's Reply [ECF 11], the Petition is fully briefed and ripe for review. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the Petition and its briefing and having reviewed the relevant case law, the Court **grants** Count One of the Petition.

## FACTUAL BACKGROUND

Petitioner is a citizen of Mexico and entered the United States without inspection in approximately 2010. *Id.* ¶¶ 13, 44. Prior to his detention, Petitioner was residing in Maryland with his partner, his two United States citizen children, and his United States citizen stepson. *Id.* ¶ 45. Petitioner has no criminal record other than traffic violations. *Id.* ¶ 50. On or around February 9, 2026, Petitioner was driving to work when he was stopped by Immigrations and Customs Enforcement (ICE) agents without a warrant in Maryland. *Id.* ¶ 52. Petitioner alleges that the "agents asserted that Petitioner's license plates indicated he is an immigrant," suggesting to him that the traffic stop was based on Petitioner's immigration status. *Id.* Petitioner was initially detained in Maryland, then was transferred to Arizona, before being transferred to Aurora, Colorado, where he currently remains in custody. *Id.* ¶ 52. According to the Petition, "[i]t is unknown whether or when Petitioner was served with a Notice to Appear." *Id.* ¶ 52.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *2 (D. Colo. Feb. 24, 2026). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that Petitioner has been in immigration custody in the District of Colorado since February 9, 2026. ECF 1 ¶¶ 1-2. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

2

## ANALYSIS

Petitioner argues that his immigration detention is unlawful because: (1) it violates the Immigration and Nationality Act, 8 U.S.C. § 1226(a), ECF 1 ¶¶ 54-56; (2) it violates the Administrative Procedures Act, 5 U.S.C. § 706(2), *id.* ¶¶ 57-59; (3) it violates his right to due process to not be allowed a bond hearing, *id.* ¶¶ 60-62; and (4) it violates the final order issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3289861 (C. D. Cal. Nov. 20, 2025), *id.* ¶¶ 63-65. Petitioner asks this Court to grant the Petition and to order his immediate release or to compel Respondents to conduct a bond hearing, during which the government bears the burden of proof to demonstrate by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. *Id.* at 14.

### I.    Whether 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a) Govern Petitioner's Detention

Count One of the Petition asserts that Respondents failed to comply with the INA and are unlawfully subjecting him to the mandatory detention provision of 8 U.S.C. § 1225(b). *Id.* ¶¶ 60-63. As acknowledged by the government, ECF 8 at 1-2, this Court has already addressed this issue and rejected Respondents' interpretation of § 1225(b). *See Colindres Carmona v. Ceja*, No. 25-cv-04061-TPO, ECF No. 22.[1] There, this Court held that the petitioner was detained under 8 U.S.C. § 1226(a), not under 8 U.S.C. § 1225(b)(2)(A), thus entitling him to a bond determination hearing. *Id.* at 9. The government still disagrees with that ruling, but rather than rehashing its argument as part of this case, it submits an "abbreviated response" and reserves its right to appeal this Court's decision. *Id.* at 2. The government concedes that based on this Court's prior ruling in *Colindres*

---

[1] This Court has also came to a similar conclusion in other cases as well. *See e.g.*, *Martinez Garrido v. Baltasar*, No. 26-cv-00428-TPO (D. Colo. Mar. 6, 2026); *Hernandez Murillo v. Ceja*, No. 25-cv-04163-TPO (D. Colo. Mar. 9, 2026); *Hernandez Munoz v. Hagan*, No. 26-cv-00608-TPO (D. Colo. Mar. 17, 2026).

*Carmona*, it "would lead the Court to reach the same result here, as the facts of the case are not materially distinguishable from that case . . ." *Id.* at 3. The government is correct, and this Court finds, as it did in *Colindres Carmona*, that Petitioner's detention is under 8 U.S.C. § 1226(a), and Petitioner is thus entitled to a bond determination hearing.

The detention of noncitizens prior to a final order of removal is governed by two sections of the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings v. Rogriguez*, 583 U.S. 281, 287 (2018)). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portrillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

By contrast, § 1226(a) does not mandate detention. It states that a noncitizen, "[o]n a warrant issued by the Attorney General," may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

4

The crux of the issue is under which section Petitioner's detention should be considered. This Court finds U.S. District Judge Nina Y. Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6). This is Petitioner's situation. He was not apprehended by immigration authorities at the border, ECF 1 ¶ 44, and he has demonstrated an established presence in the United States by living in this country without incident for the last fifteen years.

The principal thread of Respondents' argument is that all noncitizens that entered the country without permission should be deemed "applicants for admission," regardless of how long these noncitizens have been present in the country. ECF 8 at 2. Respondents claim that *Jennings* supports their conclusion. *Id.* (citing *Jennings*, 583 U.S. at 287). This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes and noted "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez*, not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking'

5

admission under § 1225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for as long as Petitioner. In fact, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases).

The Respondents point out that a limited number of courts have supported their position. *See* ECF 9 at 2 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. Mar. 25, 2026)). However, *Buenrostro-Mendez* and *Avila* are neither controlling nor persuasive. Because neither the Supreme Court nor the Tenth Circuit have yet weighed in on this issue, this Court finds more persuasive the great weight of authority in this Circuit, as well as that of the Seventh Circuit[2] and other districts around the country that have interpreted §§ 1225(b) and 1226(a), which do not support the mandatory detention of noncitizens in Petitioner's circumstances.

As a result, this Court orders that Petitioner receive a bond hearing consistent with 8 U.S.C. § 1226(a). Respondents concede this as the appropriate remedy should the Court determine that Petitioner is detained under §1226(a). ECF 8 at 5.

## II.    Petitioner's Remaining Claim for Relief

Because this Court orders a release determination/bond hearing pursuant to § 1226(a), this Court declines to reach Petitioner's remaining Counts. *De La Cruz v. Baltazar*, No. 26-cv-00360-

---

[2] See *Castanon-Nava v. U.S. Dept. of Homeland Security*, 161 F.4th 1048 (7th Cir. 2025).

PAB, 2026 WL 439217, *3 n.3 (D. Colo Feb. 17, 2026) (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)).

## CONCLUSION

This Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *Martinez Escobar*, 2026 WL 503313 at *4. The government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Id.*

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Count One;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by May 7, 2026**; and

3) On or before **May 8, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 30th day of April, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge

7